**Evelyn KONRAD, Plaintiff–Appellant,**

v.

**Mark EPLEY, Paul Robinson, Elbert W. Robinson, Jr., Denis Guerin, Melinda Quintin, William Brown, and Donald Quintin, Defendants–Appellees.**

No. 13–4885.

United States Court of Appeals, Second Circuit.

Dec. 5, 2014.

Evelyn Konrad, New York, N.Y., for Appellant.

David H. Arntsen, Devitt Spellman Barrett, LLP, Smithtown, N.Y., for Appellees.

PRESENT: AMALYA L. KEARSE, DENNIS JACOBS, REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Evelyn Konrad appeals from the judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*), granting defendants appellees' motion to dismiss and denying her motion to amend. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review de novo the grant of a motion to dismiss, *Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 176 (2d Cir.2013), and the denial as futile of a motion to amend, *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir.2014). Upon such review, we affirm the district court for substantially the reasons set forth in its decision below.

Among other deficiencies addressed by the district court, Konrad's complaint fails to identify a constitutionally protected interest. Land use decisions by a municipal regulator do not implicate a constitutionally protected property interest unless the regulator lacked discretion to make the decision it did. *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 191–93 (2d Cir.1994). Konrad alleges that the Village defendants

acted unlawfully by amending a zoning ordinance and approving private construction consistent with the ordinance as amended, in contravention of the Village's pre-existing comprehensive plan.[1]  Under New York law, however, a town may enact zoning ordinances that supersede its comprehensive plan. *Orange Lake Associates, Inc. v. Kirkpatrick*, 21 F.3d 1214, 1223–24 (2d Cir.1994).  Accordingly, the Village defendants' land use decisions violated no protected constitutional right, and Konrad's failure to receive notice of those decisions did not violate procedural due process.  *Gagliardi*, 18 F.3d at 193 ("The deprivation of a procedural right to be heard, at stake.").

For the foregoing reasons, and finding no merit in Konrad's other arguments, we hereby **AFFIRM** the judgment of the district court.

---

1. "Village defendants" refers to Mark Epley, Paul Robinson, and Elbert W. Robinson, Jr., all of whom participated in the Village of Southampton's land use decisions in some way.  Konrad's constitutional claims against Denis Guerin, Melinda Quintin, William Brown, and Donald Quintin—the private defendants—fail because "[a]ction taken by private entities with the mere approval or acquiescence of the State is not state action," *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 313 (2d Cir.2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999)), and because, as discussed above, Konrad has failed to allege any constitutional violation by the state actors.